UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL LAMBERT,      ) | |
|     PLAINTIFF      ) | CIVIL ACTION NO.: |
|            )                                   | 4:12-cv-2303 |
| VS.      ) | |
|            ) | |
| PNC BANK, NATIONAL ASSOCIATION      ) | JURY TRIAL DEMAND |
|     DEFENDANT.      ) | |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. The Telephone Consumer Protection Act, 47 U.S.C. §227(b) ("TCPA"), restricts the use of automated equipment and prerecorded voice messages to dial cellular telephones. Calls to cell phones using predictive dialing equipment are prohibited unless the caller or creditor has the "prior express consent" of the called party to make the automated calls.

2. At some point in or before February 2012, defendant PNC Bank, National Association (hereinafter referred to as "PNC") began attempts to collect on plaintiff's alleged mortgage debt by placing calls to plaintiff's cellular phone using either a predictive dialer or automatic dialer without plaintiff's prior express consent. PNC made thousands of these collection calls using an automatic or predictive dialer without the subscriber's prior express consent, including dozens of calls to plaintiff.

3. The TCPA was designed to prevent calls like these, and to protect the privacy of citizens like plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow

consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

7. Defendant called plaintiff numerous times on his cellular telephone using predictive dialing equipment, even though plaintiff had not provided prior express consent for those calls.

**VENUE AND JURISDICTION**

8. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

9. Venue and personal jurisdiction in this District are proper because Defendant's collection communications were received by plaintiff within this District and defendant transacts

business within this District.

**PARTIES AND PERSONAL JURISDICTION**

10. Plaintiff Carl Lambert is a natural person and a citizen of the State of Missouri who resides in this District.

11. Defendant PNC Bank, National Association is a national bank with its headquarters in Pittsburgh, Pennsylvania. It regularly does business in this District.

**FACTS**

12. Defendant called plaintiff's cellular telephone numerous times in 2012. Upon information and belief, based upon the frequency and nature of the calls and caller, defendant used an automatic telephone dialing system, or predictive dialer, to make such calls.

13. Upon information and belief, some or all calls to plaintiff and the class were made using an Avaya brand predictive dialer. An Avaya dialer has been held to constitute an "automatic telephone dialing system" for purposes of the TCPA. *Meyer v. Portfolio Recovery Associates, LLC*, 696 F.3d 943 (9th Cir. 2012).

14. Plaintiff did not provide prior express consent to PNC for these calls.

15. Upon information and belief, PNC made calls to other consumers using such equipment without first obtaining the consumer's prior express consent for such calls.

16. Plaintiff and the class have been substantially damaged by the illegal phone calls. They were charged the calls, their privacy was improperly invaded and they were inconvenienced and forced to deal with unwanted telephone calls.

**COUNT I – TCPA**

17. Plaintiff incorporates all previous paragraphs.

18. Defendant violated the TCPA by placing automated calls to plaintiff and the class

members' cell phones using an automatic telephone dialing system.

## CLASS ALLEGATIONS

19. Plaintiff brings this claim on behalf of a class, consisting of all persons nationwide who, on or after a date four years prior to the filing of this action defendant or some person on its behalf, called using any automatic telephone dialing system and/or prerecorded or artificial voice, where defendant did not have the prior express consent of the called party as to those calls.

20. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 1,000 members of the class.

21. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendant engaged in a pattern of using an automatic telephone dialing system and/or prerecorded messages to place calls to cellular telephones; and

   b. Damages, including whether the violations were negligent, willful or knowing.

22. Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

23. A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

24. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

25. Defendant has acted on grounds that apply generally to the class, so that final

injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. *Meyer*, 696 F.3d at 946, .

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    A.    Statutory damages;

    B.    An injunction against further violations;

    C.    A declaration that defendant's equipment and messages are regulated by the TCPA;

    D.    Costs of suit;

    E.    Reasonable attorney's fees as part of a common fund, if any;

    F.    Such other or further relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Carl Lambert
**Carl Lambert**

# HEALEY LAW, LLC

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
Attorney at Law
640 Cepi Drive, SuiteA
Chesterfield, MO 63005
Telephone:   (636) 536-5175
Fax:   (636) 590-2882
Email:   bob@healeylawllc.com

and

**BURKE LAW OFFICES, LLC**

/s/ Alexander H. Burke
Alexander H. Burke
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601
Telephone:   (312) 729-5288
Fax:              (312) 729-5289
Email:          aburke@burkelawllc.com
Co-Counsel for Plaintiffs
Pro Hac Vice Application to be Filed

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke